COMMONWEALTH *vs.* JAMES PRESTON. December 12, 1985. *Constitutional Law*, Double jeopardy. *Practice, Criminal*, Double jeopardy.

The defendant appeals from an order of a single justice of this court denying him relief under G. L. c. 211, § 3 (1984 ed.). The defendant was convicted of murder in the second degree. He preserved his appellate rights to challenge the sufficiency of the evidence to warrant his conviction. The trial judge set aside the verdict pursuant to Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979), and ordered a new trial. We affirmed that order. *Commonwealth* v. *Preston*, 393 Mass. 318 (1984).

The defendant then moved in the Superior Court to dismiss the indictment on the ground that the evidence at his trial had been insufficient to sustain his conviction and, therefore, to retry him would violate the Fifth Amendment prohibition against double jeopardy. His motion made no reference to State common law or State constitutional double jeopardy grounds. That motion was denied, and this petition for relief under G. L. c. 211, § 3, was filed in the county court.

The single justice correctly recognized that the trial judge's allowance of the motion for a new trial was not a determination that there was insufficient evidence to support a conviction, but rather was a determination based on the weight of the evidence. The single justice did not consider whether a defendant, convicted of a crime but granted a new trial by the trial judge, has, before that retrial, a right on double jeopardy grounds to an appellate determination of the sufficiency of the evidence to warrant a conviction.

We are advised that, during the pendency of the appeal, the defendant has been tried again and that he has again been convicted of murder in the second degree. He has claimed an appeal from that conviction. In the circumstances, the defendant's contention that the evidence at his first trial was insufficient to warrant a conviction can now be raised at least as well in the appeal following his second trial as it could have been raised under G. L. c. 211, § 3.

The question whether the defendant was entitled to G. L. c. 211, § 3, relief before retrial is now moot. We note that under Federal double jeopardy principles (the only theory on which the defendant relied in his motion to dismiss), an order for a new trial in similar circumstances would not entitle the defendant to appellate review of the sufficiency of the evidence question before his retrial. See *Richardson* v. *United States*, 468 U.S. 317, 325-326 (1984) (defendant not denied his rights under the double jeopardy clause where his first trial ended in a mistrial and he was not allowed immediate appellate review of the sufficiency of the evidence). See also *Tibbs* v. *Florida*, 457 U.S. 31, 44 (1982) (retrial not barred following appellate court determination to grant a new trial based on the weight of the evidence). On common law grounds of double jeopardy, this court has taken a view different from that expressed in the *Richardson* case. See *Berry* v. *Commonwealth*, 393 Mass. 793, 799 (1985) (defendant whose trial ended in a mistrial

entitled before retrial to appellate consideration of the sufficiency of the evidence).

The defendant's appeal is dismissed as moot.

*So ordered.*

The case was submitted on briefs.

*Willie J. Davis* for the defendant.

*Kevin M. Burke,* District Attorney, *& Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.