TREVOR NEVERSON vs. COMMONWEALTH.

Suffolk. September 12, 1989. - November 29, 1989.

Present: LIACOS, C.J., LYNCH, O'CONNOR, & GREANEY, JJ.

*Homicide. Supreme Judicial Court*, Superintendence of inferior courts. *Constitutional Law*, Double jeopardy. *Practice, Criminal*, Double jeopardy, Transcript of evidence.

The record presented in a proceeding under G. L. c. 211, § 3, furnished a sufficient factual basis for a single justice of this court properly to deny a criminal defendant's request for an order precluding, on double jeopardy grounds, retrial of the charges pending against him. [177-179]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 21, 1989.

The case was heard by *Nolan, J.*

*Linda J. Thompson* for Trevor Neverson.

*Elizabeth Dunphy*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. Trevor Neverson (defendant) was tried before a jury in the Superior Court on an indictment charging him with the murder in the first degree of his fifteen month old stepdaughter. At the conclusion of the prosecution's evidence, the trial judge granted the defendant's motion for a required finding of not guilty as to so much of the indictment as charged murder in the first degree. The judge allowed the jury to consider whether the defendant should be convicted of murder in the second degree or manslaughter. The jury were unable to agree upon a verdict, and a mistrial was declared. When the Commonwealth announced its intention to seek an immediate retrial, the defendant moved to dismiss the indictment on the ground that the prosecution's evidence at the trial was legally insufficient to warrant his conviction of murder in the second degree or manslaughter. The judge

denied the motion to dismiss. He also denied a motion filed by the defendant to stay further proceedings in the Superior Court pending appellate review of his claim that double jeopardy principles barred retrial.

The defendant next sought relief before a single justice of this court by means of a petition under G. L. c. 211, § 3 (1988 ed.). The petition asked that proceedings below be stayed temporarily and that the Superior Court be directed to enter findings of not guilty on any charges that the defendant would face at retrial. The petition was not accompanied by a trial transcript which was, and still is, unavailable. However, in support of the petition, the defendant filed an extensive memorandum of law which contained a recital of the evidence presented by the Commonwealth in its case against him and which argued the merits of his petition on the double jeopardy claim. The single justice denied the petition without a hearing. The defendant has appealed.[1]

A criminal defendant who raises a double jeopardy claim of substantial merit is entitled to review of the claim before he is retried. *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978). The request for review is initiated by a petition to a single justice pursuant to the provisions of G. L. c. 211, § 3. *Id. Fadden* v. *Commonwealth*, 376 Mass. 604, 606 (1978). Utilization of that procedure applies to a properly preserved double jeopardy claim that involves contentions by the defendant that the Commonwealth's evidence was legally insufficient to warrant his conviction at trial, and, as a consequence, that his retrial is prohibited.[2] See *Commonwealth* v.

---

[1]Subsequently, the defendant filed a second petition with the full court seeking a stay of the retrial. That petition was referred to another single justice who denied the petition by an order which reads as follows:

"After hearing, and in light of the court's review of the evidence described by counsel, it appearing that the jury would be warranted in returning a guilty verdict, the request for a stay of the trial is denied."

The defendant does not challenge this order.

[2]The review contemplated in these circumstances is review in the first instance by the single justice, who may either decide the merits of the defendant's claim or reserve and report the claim to the full court. The

*Ginnetti*, 400 Mass. 181, 182-183 (1987); *Commonwealth* v. *Chatfield-Taylor*, 399 Mass. 1, 2-3 (1987); *Berry* v. *Commonwealth*, 393 Mass. 793, 794 (1985). The defendant correctly points out that his protection against double jeopardy in these circumstances is a guaranty against twice being placed on trial for the same offense. See *Berry* v. *Commonwealth,* supra at 798; *Costarelli* v. *Commonwealth, supra.*

The defendant now asserts that he is not seeking review in this appeal of the merits of his double jeopardy claim. Instead, he argues that, given the importance of his right to be protected against double jeopardy, meaningful review of the claim only can be had on a complete trial transcript. As that transcript will not be prepared in the foreseeable future,[3] he

---

decision involves a question of law. If the single justice concludes that the Commonwealth's evidence was insufficient to warrant submission of the charge against the defendant to the jury, he should direct the entry of an order dismissing the indictment. The Commonwealth would have the right to appeal to the full court from an order dismissing the indictment. See Mass. R. Crim. P. 15 (b) (1), 378 Mass. 882 (1979); Mass. R. A. P. 1 (c) and 15 (c), 365 Mass. 844, 859 (1974). The defendant also would have the right to appeal an adverse determination by the single justice to the full court. After the single justice's decision, the defendant may request the single justice to stay proceedings in the trial court so he can pursue an appeal to the full court. If the single justice denies a stay, the defendant then could seek a stay from the full court. If the requests for a stay are not sought, or are rejected, the case would proceed to a second trial. If the defendant is convicted at the second trial, he, of course, would have the right to appellate review of the question whether a required finding of not guilty should have been entered on the Commonwealth's evidence at the first trial.

[3]At the time the single justice acted, no order to expedite preparation of the trial transcript had entered. Subsequent to the denial of the petition, the defendant's counsel moved for expedited preparation of the transcript and an order did enter in the Superior Court ordering that the transcript be expedited "to [the] extent physically possible." This qualification appears to take into account a communication by the court reporter to the associate executive secretary to the Administrative Justice of the Superior Court in which the reporter stated that it was "physically impossible" to honor a request for expedition of the trial transcript because he had "appeals currently pending on my desk of cases not yet transcribed dating back to April, 1988, all defendants serving time and awaiting transcripts." The defendant in this case has been admitted to bail.

insists that a stay of the proceedings in the Superior Court is mandated. We do not agree.

The question before us is whether the single justice acted properly in denying the defendant's petition. The answer to that question depends on whether the record furnished the single justice with a basis to make an intelligent decision whether the Commonwealth had presented sufficient evidence to warrant submission of the case to the jury. If the record indicates that the Commonwealth did present sufficient evidence, the defendant's double jeopardy claim would necessarily lack merit, and the single justice's order would be correct.[4]

We conclude that the extensive statement of the Commonwealth's evidence set forth in the memorandum of law presented to the single justice by the defendant, containing, as it does, the defendant's own acknowledgement of the prosecution's evidence against him, furnished a sufficient basis for the single justice to decide the petition.[5] According to that statement the Commonwealth's evidence was as follows.

---

[4]As a general matter, examination of a double jeopardy claim of the sort involved in this case is probably best accomplished on a transcript of the pertinent trial evidence. Despite an order for expedition of the trial transcript, it may not.be able to be prepared in time to accompany a petition under G. L. c. 211, § 3. See note 3, *supra.* In such cases, counsel can direct their attention to presenting an adequate substitute for the trial transcript, such as an agreement as to the material evidence or a statement of the evidence framed in accordance with Mass. R. A. P. 8 (c), as amended, 378 Mass. 932 (1979).

[5]The defendant's counsel assiduously insists that the merits of the double jeopardy claim should not be considered. However, once it is determined that an adequate factual record was presented to the single justice on which to examine the defendant's double jeopardy claim, then our review of the single justice's denial of the defendant's petition requires that we reach the merits of that claim on the basis of that record. The defendant's argument seeking to defer a ruling until the trial transcript is prepared appears to represent a new argument that was not made to the single justice who considered the petition. From all that appears in the materials placed before the single justice, the defendant was content on having the issue decided on the statement of the evidence submitted by him and the arguments in his memorandum of law, and he requested only a *temporary* stay of the trial proceedings presumably until the single justice had the opportunity to consider the petition further. The posture of the

The victim died, according to expert medical testimony, of "blunt force trauma," intentionally inflicted by either a man or a woman. On the day of the incident, according to the defendant's statement to the police, the defendant had sole custody of the child from 2 P.M. until 11:30 P.M., when the child's mother returned home from work. He stated that he fed the child a bottle of milk at around 6 P.M. He further stated that he and the child's mother discovered the child dead at 7:05 the following morning. Later that day, an autopsy disclosed twenty-five milliliters of white liquid in the child's stomach. According to expert medical testimony, a living child's stomach would absorb liquid within two to four hours after ingestion, but death would stop the absorption process.

A medical expert testified that, to a reasonable degree of medical certainty, the victim died between 8:30 P.M. and 4:30 A.M. Within that range, based on the victim's body temperature and the state of rigor mortis, the expert stated that 12:30 A.M. was the most likely time of death. Based on cell organization activity at the site of the injury, the expert also stated that the period between injury and death was no more than two or three hours.

The defendant argued in the Superior Court that the Commonwealth's evidence failed to distinguish adequately between the fatal injury occurring prior to 11:30 P.M. (when he had sole custody of the victim), or after 11:30 P.M. (when the victim's mother was home). In his view, the identity of the person responsible for the trauma that caused death was left to conjecture.

We conclude that a reasonable juror could have found that the victim died within four hours of her last feeding and, further, that the last feeding was the last stated feeding, the feeding at 6 P.M. So finding, that juror could further reasona-

petition left it open for the single justice to decide it on the papers. "An issue not fairly raised [in the lower court] will not be considered for the first time on appeal." *Commonwealth* v. *Dockham*, 405 Mass. 618, 632-633 (1989), quoting *Commonwealth* v. *Marchionda*, 385 Mass. 238, 242 (1982).

bly conclude that the victim died before 11:30 P.M. and, a fortiori, that she was fatally injured sometime before that hour. That conclusion puts the time of death well within the range established by the expert testimony, and, at the same time, would rule out as a practical matter the victim's mother as the agent of harm. We conclude also that, based on the testimony that the fatal injury was intentionally inflicted, a reasonable juror could find the requisite malice to warrant the defendant's conviction of murder in the second degree. Similarly, on the stated evidence, the question of involuntary manslaughter was also properly reserved for the jury to decide. We are satisfied that the single justice responded to the claim as precisely put before him by the defendant and had an appropriate factual basis to resolve that claim.

*Order of the single justice affirmed.*