BRIAN J. MEUSE vs. COMMONWEALTH. June 5, 2002. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Brian J. Meuse (petitioner), who is charged with kidnapping a minor, a violation of G. L. c. 265, § 26A, moved to dismiss the complaint. A District Court judge denied the motion. The petitioner then filed a complaint that the single justice of this court treated as a petition for relief under G. L. c. 211, § 3, and denied. The petitioner appeals under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), from that denial of relief.

The denial of a motion to dismiss is not appealable until after trial, and the single justice neither decided the issue nor reported the matter, and did not determine that the denial met the standard expressed in *Morrissette* v. *Commonwealth,* 380 Mass. 197, 198 (1980). See *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83 (1991). Furthermore, G. L. c. 211, § 3, "is not a substitute for normal appellate review of interlocutory orders." *Id.* at 83-84, and cases cited.

Moreover, the petitioner has not met his burden under rule 2:21 (2) to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." He contends that he may not be forced to stand trial because he did not commit a crime in Massachusetts or in Florida; and that G. L. c. 265, § 27A, "presumes that the counties referred to in the statute are Massachusetts counties or the statute is overbroad and facially vague." The

---

[1]Of the Holden Family Trust.

[2]Of the estate of William E. Holden.

[3]Nancy P. Holden, individually; Todd M. Holden; Geoffrey Rogers; Christopher Rogers; Susan Allen; and Karen Amodeo.

petitioner then asserts that he may not be prosecuted for kidnapping because he had a right to custody of the child, and that the judge erred in ruling that the award of custody to the petitioner under G. L. c. 209A did not constitute an award of custody under G. L. c. 209C. He concludes, with respect to each argument, that relief through an appeal would come too late.

The petitioner's arguments may be read as contending that any relief on appeal would be inadequate because it could not restore him to his pretrial status, but would come, if at all, only after he endured the many burdens inherent in being tried and pursuing an appeal. Rule 2:21 (2), however, is focused on "why review . . . cannot adequately be obtained on appeal." The petitioner has not shown why review may not "adequately be obtained on appeal." Furthermore, his argument does not rise to the level of a claim of a violation of double jeopardy principles. See *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978). See also *Morrissette* v. *Commonwealth, supra* at 198-199, quoting *Commonwealth* v. *Hare*, 361 Mass. 263, 269 (1972) (argument that where clear by established facts and law that "defendant cannot be convicted, the Commonwealth and the defendant should not be put to the trouble and expense of a trial").

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Barbara C. Johnson* for the petitioner.