The case was submitted on the papers filed, accompanied by a memorandum of law.

*Richard Cepulonis*, pro se.

ALTON CLARKE *vs.* COMMONWEALTH. June 28, 2002. *Supreme Judicial Court, Superintendence of inferior courts. Moot Question.*

Alton Clarke appeals from the denial of his petition pursuant to G. L. c. 211, § 3, by a single justice of this court. We dismiss the appeal as moot.

Clarke was indicted on several charges related to an aggravated sexual assault, including rape and kidnapping. His first trial in the Superior Court ended in a mistrial, due to the jury's inability to reach a verdict. Clarke was retried and convicted on two counts of rape and kidnapping. The Appeals Court reversed the judgments and set aside the verdicts, holding that the prosecutor had improperly used Clarke's right to remain silent against him in closing argument. *Commonwealth v. Clarke*, 48 Mass. App. Ct. 482 (2000).

Following the Appeals Court's decision, Clarke filed a motion to dismiss the indictments in the Superior Court, arguing for the first time that double jeopardy principles barred his retrial. The motion was denied.

Clarke then filed a petition pursuant to G. L. c. 211, § 3, in the county court, requesting dismissal of the indictments against him on the same double jeopardy ground as set forth in his motion to dismiss. A single justice of this

court denied the petition on the merits. Clarke appealed to the full court.[1] While Clarke's appeal has been pending, he was retried and convicted of the rape and kidnapping charges in the Superior Court.[2] Clarke has appealed from his convictions to the Appeals Court.

By filing his petition, Clarke was seeking to avoid retrial on the basis of double jeopardy. The specific relief he sought is no longer available as he has been retried and convicted. Thus, his appeal is moot. *Commonwealth* v. *Preston*, 396 Mass. 1006, 1006 (1985) (because defendant was retried and convicted during pendency of appeal from single justice's judgment, "question whether [he] was entitled to G. L. c. 211, § 3, relief is now moot"). Cf. *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001) ("[t]he limited matter before us — Rasten's appeal from the single justice's judgment — is moot because the hearing that she sought to have continued took place as scheduled"); *Harvey* v. *Harvey*, 424 Mass. 1009, 1009 (1997) ("[t]he main relief sought by the petitioner was an order compelling the Probate and Family Court . . . to schedule a trial . . . [t]hat aspect of the petition has become moot because the divorce case was tried and a judgment entered while this appeal has been pending"). Clarke's double jeopardy argument can adequately be raised (along with any other claimed errors) in his direct appeal from his convictions at the third trial. See *Commonwealth* v. *Preston*, *supra* at 1006 ("the defendant's contention that the evidence at his first trial was insufficient to warrant a conviction can now be raised at least as well in the appeal following his second trial as it could have been raised under G. L. c. 211, § 3"); *Commonwealth* v. *Preston*, 27 Mass. App. Ct. 16, 17 (1989) (addressing double jeopardy claim in direct appeal following retrial). See also *Creighton* v. *Commonwealth*, 423 Mass. 1001, 1002 (1996) (petitioner not entitled to relief under G. L. c. 211, § 3; double jeopardy claim could "of course, be raised in a direct appeal from a conviction after a second trial"); *Neverson* v. *Commonwealth*, 406 Mass. 174, 175-176 n.2 (1989) (same).

*Appeal dismissed.*

*Richard A. Cutter* for the plaintiff.

*Amanda Lovell*, Assistant District Attorney (*Robert N. Tochka*, Assistant District Attorney, with her) for the Commonwealth.

---

[1]Clarke did not comply with S.J.C. Rule 2:21, 421 Mass. 1303 (1995). This failure is not fatal, however, because Clarke likely would have been allowed to proceed with his appeal in light of the alleged double jeopardy violation. See *Powers* v. *Commonwealth*, 426 Mass. 534, 534-535 (1998).

[2]Clarke filed motions in both the Superior Court and in this court seeking to have his third trial stayed while his appeal from the single justice's judgment was pending. These motions were denied. See *Neverson* v. *Commonwealth*, 406 Mass. 174, 175-176 n.2 (1989) (if request for stay pending appeal of single justice's judgment on double jeopardy claim is denied, case proceeds to retrial).