*Amin Karimpour,* pro se.


FRANCOIS GOUIN, JR. *vs.* COMMONWEALTH. July 24, 2003. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Interlocutory appeal.

Francois Gouin, Jr., appeals from the denial of his petition for relief under G. L. c. 211, § 3, by a single justice of this court. Gouin had sought relief from an order of a judge in the Boston Municipal Court denying Gouin's motion to dismiss a criminal complaint against him on the ground that Massachusetts lacks subject matter jurisdiction. We affirm the judgment of the single justice.

Gouin has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The denial of Gouin's motion to dismiss is an interlocutory ruling for purposes of rule 2:21 (1). We thus examine whether, as required by rule 2:21 (2), Gouin has "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."

Gouin argues that he cannot be forced to stand trial for a crime over which Massachusetts lacks subject matter jurisdiction, and that any relief on appeal would be inadequate because it could not restore him to his pretrial status. Gouin, however, cites no authority to support his position that a claim of lack of subject matter jurisdiction is reviewable as a matter of right interlocutorily pursuant to G. L. c. 211, § 3. Indeed, this court and the Appeals Court have routinely addressed subject matter jurisdiction claims on direct appeal following conviction. See, e.g., *Commonwealth* v. *Delaney,* 425 Mass. 587, 589 (1997), cert. denied, 522 U.S. 1058 (1998); *Commonwealth* v. *Stoico,* 45 Mass. App. Ct. 559, 565-566 (1998). See also *Commonwealth* v. *Anolik,* 27 Mass. App. Ct. 701, 710 n.11 (1989), citing *Tosti* v. *Ayik,* 386 Mass. 721, 725 (1982) (issue involving subject matter jurisdiction "can be raised for the first time on appeal"). A petition under G. L. c. 211, § 3, cannot be used to circumvent the rule that the denial of a motion to dismiss in a criminal case is not appealable until after trial. The case at bar does not present a situation involving a claim of double jeopardy, or a situation where the single justice has decided the matter on the merits or reserved and reported it to the full court. See *Meuse* v. *Commonwealth,* 437 Mass. 1004, 1004-1005 (2002) (petitioner's claim that he could not be forced to stand trial because Massachusetts lacked subject matter jurisdiction did not "rise to the level of a claim of a violation of double jeopardy principles"). See also *Jackson* v. *Commonwealth,* 437 Mass. 1008, 1009 (2002) (petitioner failed to convince court that his due process claim warranted "same extraordinary treatment afforded to double jeopardy [claims]"); *Esteves* v. *Commonwealth,* 434 Mass. 1003, 1004 (2001) (holding that petitioner's claim regarding his right to speedy trial was not comparable to protection against double jeopardy).

The judgment of the single justice is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Barbara C. Johnson* for the petitioner.