NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11783


JAMES ROSENCRANZ  vs.  COMMONWEALTH.


July 31, 2015.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Criminal, Speedy trial, Complaint,
     Dismissal, Interlocutory appeal.


     James Rosencranz appeals from a judgment of a single
justice of this court denying his petition pursuant to G. L.
c. 211, § 3.  That petition sought relief from the order of a
Boston Municipal Court judge denying Rosencranz's motion to
dismiss a criminal complaint on the ground that he had not been
brought to trial within the twelve-month period provided by
Mass. R. Crim. P. 36 (b), as amended, 422 Mass. 1503 (1996).
The appeal is now before us pursuant to S.J.C. Rule 2:21, as
amended, 434 Mass. 1301 (2001).  We affirm the judgment of the
single justice.

     It is established that a defendant in a criminal case is
not entitled to appeal from the denial of a motion to dismiss
prior to trial.  See Jackson v. Commonwealth, 437 Mass. 1008,
1009 (2002).  It is also settled that G. L. c. 211, § 3, may not
be used to circumvent that rule.  Id.  "Unless a single justice
decides the matter on the merits or reserves and reports it to
the full court, neither of which occurred here, a defendant
cannot receive review under G. L. c. 211, § 3, from the denial
of his motion to dismiss."  Id.

     Rosencranz argues that the alleged violation of his right
to a speedy trial cannot effectively be remedied through the
ordinary appellate process because the pendency of the criminal
proceedings in the meantime has ongoing collateral consequences
for him; specifically, he contends that the pending case

adversely affects his ability to practice law or to secure other employment.[1]  We have previously considered and rejected arguments like this.  The collateral consequences attendant to the pendency of criminal proceedings -- such as "continued anxiety, community suspicion and other social and economic disabilities" -- do not necessarily render the regular appellate process inadequate for speedy trial claims.  Esteves v. Commonwealth, 434 Mass. 1003, 1003-1004 (2001) (distinguishing speedy trial claims from double jeopardy claims).  See Owens v. Commonwealth, 465 Mass. 1010 (2013) (rejecting interlocutory review under G. L. c. 211, § 3, of denial of motion to dismiss based on claim of speedy trial violation); Cousin v. Commonwealth, 442 Mass. 1046 (2004) (same).[2]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Francis J. DiMento, Jr., for the petitioner.

---

[1] In a bar discipline proceeding arising out of unrelated events, Rosencranz was suspended from the practice of law in the Commonwealth, effective February 1, 2012, for a period of six months.  To date, he has not sought reinstatement.

[2] We do not address other issues and arguments raised by Rosencranz on appeal that were not raised before the single justice.