NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11845

ELIS BREA vs. COMMONWEALTH.

December 9, 2015.

Supreme Judicial Court, Superintendence of inferior courts, Appeal from order of single justice.  Practice, Criminal, Interlocutory appeal, Complaint, Dismissal.


Elis Brea appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3.  A complaint charging Brea with distribution of heroin and conspiracy to violate the drug laws issued in the District Court.  Brea moved to dismiss the complaint prior to arraignment.  A judge in the District Court denied the motion and ruled that there was probable cause to issue the complaint.  Brea's G. L. c. 211, § 3, petition sought relief from this ruling.[1]  We affirm.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner seeking relief from an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Brea has not carried his burden under the rule.  He argues that arraignment would appear on his criminal record regardless of the outcome of the case, causing harm that cannot be remedied on appeal.  Cf. Commonwealth v. Humberto H., 466 Mass. 562, 575 (2013) (Juvenile Court judge has discretion to dismiss delinquency complaint before arraignment of juvenile).  He

_____

[1] Brea's arraignment has been stayed at his request pending the outcome of this case.

further argues that, even if the charges are resolved favorably to him, sealing of his record would be an inadequate remedy because even a sealed record "can form a cloud of prosecution." Commonwealth v. S.M.F., 40 Mass. App. Ct. 42, 46 (1996).  These arguments are unavailing.  "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule.  Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss."  Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002), and cases cited.  We have recognized "[a] very limited exception . . . where, before a trial or a retrial, a defendant raises a double jeopardy claim of substantial merit," and "we have consistently rejected attempts to obtain interlocutory review as a matter of right under G. L. c. 211, § 3, of denials of motions to dismiss on other bases that defendants have attempted to analogize to double jeopardy claims."  Soucy v. Commonwealth, 470 Mass. 1025, 1026 (2015), and cases cited.  We are not persuaded that Brea's claim in this case is in any way akin to a double jeopardy claim.  Simply put, he seeks immediate review of the judge's ruling that the complaint was founded on probable cause.  That this ruling was made before arraignment, rather than after, does not present an exceptional circumstance warranting exercise of our extraordinary superintendence powers.[2]  Were we to permit such an appeal to proceed, we would quickly be inundated with petitions from criminal defendants seeking interlocutory review of denials of their motions to dismiss simply because they filed their motions before arraignment rather than after.  Moreover, the "collateral consequences attendant to the pendency of criminal proceedings -- such as 'continued anxiety, community suspicion and other social and economic disabilities' -- do not necessarily render the regular appellate process inadequate."

---

[2] We express no view as to whether the rule in Commonwealth v. Humberto H., 466 Mass. 562, 575 (2013), should be extended to adult defendants, as to whether the judge properly ruled on the motion before arraignment, or as to the correctness of her ruling that the complaint was founded on probable cause.  We also note that Humberto H. was an appeal by the Commonwealth from an order dismissing a delinquency complaint; we did not have before us the question whether a juvenile has the right to an immediate interlocutory appeal from the denial of a motion to dismiss such a complaint.

Rosencranz v. Commonwealth, 472 Mass. 1011, 1012 (2015), quoting Esteves v. Commonwealth, 434 Mass. 1003, 1003-1004 (2001).

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Veronica J. White for the petitioner.