Calzado also argues that if the witness tampering indictment is not dismissed, the evidence supporting that indictment would be used against him as to the murder charge.[1] Again, if there is any impropriety in the admission of evidence, an adequate remedy is available in the ordinary course of appeal. The fact that, as Calzado argues, this process might be time-consuming and the outcome uncertain does not render the remedy inadequate. The single justice did not err or abuse her discretion by denying extraordinary relief.[2]
Judgment affirmed.

While we do not decide the issue, we note that it is hardly clear that dismissing the witness tampering indictment would prevent this use of witness tampering evidence, as any such evidence may well be admissible in a trial on the murder indictment alone.

In addition, we note that Calzado's petition did not contain any argument that the motion judge committed any "error that cannot be remedied under the ordinary review process," an essential part of the showing under G. L. c. 211, § 3. See, e.g., C.E. v. J.E., 472 Mass. 1016, 1016, 37 N.E.3d 623 (2015), quoting McGuinness v. Commonwealth, 420 Mass. 495, 497, 650 N.E.2d 780 (1995). This presents a further reason not to disturb the single justice's decision.