The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Quigley has not met his burden under the rule. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." Jackson v. Commonwealth, 437 Mass. 1008, 1009, 770 N.E.2d 469 (2002), and cases cited. We have recognized a limited exception to this rule in cases raising a double jeopardy claim of substantial merit, see **1027 Neverson v. Commonwealth, 406 Mass. 174, 175-176, 546 N.E.2d 876 (1989), but that exception does not apply here.[1] If Quigley is convicted of any offense, there is no reason he cannot raise his claims on direct appeal and, if warranted, obtain relief. "The fact that ... this process might be time-consuming and the outcome uncertain does not render the remedy inadequate." Calzado v. Commonwealth, 479 Mass. 1033, 1034, 97 N.E.3d 683 (2018). *467 The single justice did not err or abuse his discretion in denying extraordinary relief.
Judgment affirmed.

Unlike a double jeopardy claim, Quigley's claim does not concern a right not to be tried. See Soucy v. Commonwealth, 470 Mass. 1025, 1026, 26 N.E.3d 194 (2015), and cases cited.