The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[1] S.J.C. Rule 2:21 (2).
*468 Robin has not met his burden under the rule. Robin argues that the denial of a transcript of the instructions hampers his ability to defend himself. If so, Robin can raise the denial of his motion on direct appeal from any conviction and, if warranted, obtain relief. "The fact that ... this process might be time-consuming and the outcome uncertain does not render the remedy inadequate." Calzado v. Commonwealth, 479 Mass. 1033, 1034, 97 N.E.3d 683 (2018). The single justice did not err or abuse her discretion in denying extraordinary relief.
Judgment affirmed.
The case was submitted on the papers filed, accompanied by a memorandum of law.

The rule also provides that "[t]he appeal shall be presented ... on the papers filed in the single justice session" and that the petitioner must file a record appendix containing the relevant material. S.J.C. Rule 2:21 (2). The appendix filed by Robin is incomplete, as it omits the Commonwealth's opposition to his G. L. c. 211, § 3, petition. This presents a further reason not to disturb the single justice's decision.