**1025 Sandon Gonsalves appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm.
Gonsalves was indicted for assault and battery, and he has an attorney representing him in the Superior Court on that charge. Several months later, he was indicted for witness intimidation. A second attorney represents him on that charge. On the Commonwealth's motion, and over Gonsalves's objection, a judge in the Superior Court consolidated the cases for trial. The Commonwealth then filed a motion to prohibit the two attorneys from engaging in duplicative trial procedures. Again over *469 Gonsalves's objection, the judge allowed that motion in large part, limiting Gonsalves to one opening statement and one **1026 closing statement, and ordering that, presumptively, only one defense attorney would examine or cross-examine each witness, unless leave is granted to conduct limited additional questioning. Gonsalves's G. L. c. 211, § 3, petition challenged this order. The single justice denied relief on the ground that Gonsalves has an adequate remedy in the normal appellate process.
The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Gonsalves has not met his burden under the rule. He argues, as to the merits of his petition, that the judge's order violates his Sixth Amendment right to counsel, but offers no reason why he could not obtain adequate review of that claim on appeal from any conviction, or why a new trial would not be an adequate remedy if his rights were indeed violated. "The fact that ... [the ordinary appellate] process might be time-consuming and the outcome uncertain does not render the remedy inadequate." Calzado v. Commonwealth, 479 Mass. 1033, 1034, 97 N.E.3d 683 (2018). The single justice did not err or abuse his discretion in denying extraordinary relief.
The case was submitted on the papers filed, accompanied by a memorandum of law.