NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13372

WILLIAM J. PAPP, THIRD  vs.  COMMONWEALTH.

February 14, 2023.

Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Double jeopardy.  Moot Question.

     William J. Papp, III, appeals from a judgment of the county court denying, without a hearing, his petition for extraordinary relief under G. L. c. 211, § 3.  We dismiss the appeal as moot.

     Papp was charged in the District Court with operating a motor vehicle while under the influence of intoxicating liquor, second offense, and operating with a suspended license.  A jury trial commenced.  Shortly after beginning to question a Commonwealth witness, the prosecutor experienced a medical problem requiring immediate treatment at a hospital.  As a result, the judge declared a mistrial, ruling that a manifest necessity existed and that a retrial was permissible.  In his G. L. c. 211, § 3, petition, Papp argued that there was no manifest necessity for the mistrial and that retrial would violate his protections against double jeopardy.  The single justice denied relief, and after a second jury trial, Papp was convicted as charged.[1]  Papp timely filed a direct appeal from those convictions, which is pending in the Appeals Court.  After obtaining from the single justice leave to file a late notice of appeal, Papp filed this appeal from the denial of his G. L.

_____

     [1] It appears that Papp's second trial took place the same day that the single justice denied relief.  Papp did not request that the single justice or the full court stay the proceedings in the District Court, although he could have done so.  See Neverson v. Commonwealth, 406 Mass. 174, 175 n.2 (1989).

c. 211, § 3, petition about three months after his direct appeal entered in the Appeals Court.

Papp has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires him to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Ordinarily, we would allow an appeal raising a double jeopardy claim to proceed, as "[a] criminal defendant who raises a double jeopardy claim of substantial merit is entitled to review of the claim before he is retried"; G. L. c. 211, § 3, is the appropriate route for obtaining that review; and "[t]he defendant . . . [has] the right to appeal an adverse determination by the single justice to the full court." Neverson v. Commonwealth, 406 Mass. 174, 175 & n.2 (1989). In this case, however, where Papp's retrial has already taken place, it is too late to provide the review contemplated by Neverson and too late to prevent the retrial from going forward. This appeal from the denial of extraordinary relief is therefore moot and will be dismissed. See Clarke v. Commonwealth, 437 Mass. 1012, 1013 (2002). To be clear, Papp's double jeopardy claim itself is not moot; he remains free to pursue that claim in the Appeals Court, which can, if warranted, provide relief from his convictions.[2] See id. (after conviction, double jeopardy argument can adequately be raised on direct appeal). His appeal from the single justice's decision denying relief under G. L. c. 211, § 3, prior to his second trial, however, is moot.[3]

Appeal dismissed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
William J. Papp, III, pro se.

---

[2] It appears that Papp has raised his double jeopardy argument in his brief filed in the Appeals Court.

[3] In dismissing this appeal, we express no view as to the merits of Papp's pending appeal before the Appeals Court, nor do we express any view as to the merits of Papp's double jeopardy claim or as to whether there was a manifest necessity for the mistrial. We simply decline to disturb the denial of extraordinary relief in these circumstances.