NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13401

NICKOYAN WALLACE  vs.  COMMONWEALTH.


May 25, 2023.


Supreme Judicial Court, Superintendence of inferior courts.


Nickoyan Wallace[1] has been indicted for murder in the first degree for the shooting death of a person in Boston, and related offenses.  In the Superior Court, he filed "by Special Appearance" a document entitled "Notice of Default and Opportunity to Cure re Affidavit -- 'Writ of Quo Warranto' re Proof of Claim/Jurisdiction."  In general, he claimed that the courts of the Commonwealth lack jurisdiction over him;[2] in an affidavit filed in the case, Wallace declared that he is a "Free Sovereign and Private Great Seal Moor."  The Superior Court judge treated the filing as a motion to dismiss and denied it.  Wallace then filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking review of the Superior Court judge's order.[3]  A single justice of this court denied the petition, and Wallace appeals.  We affirm.

---

[1] In his petition, Wallace identified himself as "'Szyon Nkrumah, Al © All Rights Reserved,' Indigenous, Free Sovereign and Private Great Seal Moor, in propria persona, sui juris (not pro se or colorable); Secured Party, Third Party Intervenor/Administrator for WALLACE, NICKOYAN ©."

[2] Wallace bases his claim on myriad treaties, laws, and constitutional provisions.  He also claims a treaty right to "Consular assistance" in this matter.  We do not consider the substantive merits of his claims at this interlocutory stage.

[3] The Superior Court's docket reflects that Wallace also filed a notice of appeal.

Wallace has filed a memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001),[4] which applies where, as here, a "single justice denies relief from a challenged interlocutory ruling in the trial court." S.J.C. Rule 2:21 (1). We therefore consider whether Wallace has demonstrated, as the rule requires, "why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). He failed to meet that burden.

We have said many times that "[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and . . . G. L. c. 211, § 3, may not be used to circumvent that rule." Soucy v. Commonwealth, 470 Mass. 1025, 1025 (2015), quoting Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002). That principle is no less applicable where the claims asserted involve jurisdictional issues. Such questions are "routinely addressed on direct appeal after a final judgment." Calzado v. Commonwealth, 479 Mass. 1033, 1034 (2018). See Salomon S.A. v. LaFond, 463 Mass. 1003, 1003 (2012) (ordinary appellate process "not per se inadequate to vindicate a claim of lack of personal jurisdiction"); Gouin v. Commonwealth, 439 Mass. 1013, 1013 (2003), and cases cited (subject matter jurisdiction claims "routinely addressed . . . on direct appeal following conviction"). See also Fitzpatrick v. Commonwealth, 453 Mass. 1014, 1015 (2009). "[U]nless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss."[5] Calzado, supra, quoting Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025 (2007).

---

[4] The rule also requires that "[t]he appeal shall be presented . . . on the papers filed in the single justice session" and that the petitioner must file a record appendix. S.J.C. Rule 2:21 (2). Wallace failed to file a record appendix containing the record before the single justice. See Bishay v. Land Court Dep't of the Trial Court, 477 Mass. 1032, 1033 n.2 (2017) ("[t]his presents a further reason not to disturb the judgment").

[5] We have recognized a limited exception to this rule, where a "criminal defendant . . . raises a double jeopardy claim of substantial merit." Neverson v. Commonwealth, 406 Mass. 174, 175 (1989). That exception does not apply to the jurisdictional claims asserted here. See Gouin, 439 Mass. at 1013 (subject

Nothing in Wallace's petition under G. L. c. 211, § 3, required exercise of the court's extraordinary power of general superintendence, and the single justice was warranted in denying it.

*Judgment affirmed.*


The case was submitted on the papers filed, accompanied by a memorandum of law.

Nickoyan Wallace, pro se.

---

matter jurisdiction claim not comparable to protection against double jeopardy); Meuse v. Commonwealth, 437 Mass. 1004, 1004-1005 (2002).