NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13550

HALIENDREW FLORES  vs.  COMMONWEALTH.


April 16, 2024.


Supreme Judicial Court, Superintendence of inferior courts, Appeal from order of single justice.  Practice, Criminal, Disclosure of identity of informer.



Haliendrew Flores (petitioner) appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3, from an interlocutory ruling of a judge in the Superior Court.  We affirm.

Along with a codefendant,[1] the petitioner has been charged with murder in the first degree and other offenses.  He filed a motion for disclosure of the identity of a confidential informant to whom a third party allegedly confessed to the killing.  At first, the judge attempted to facilitate an interview between defense counsel and the informant under conditions that would protect the informant's anonymity.  The informant, however, declined to participate, and so the petitioner renewed his motion for disclosure of the informant's identity.  The judge denied the motion, and the petitioner sought relief under G. L. c. 211, § 3.

The petitioner has filed a memorandum pursuant to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001), which requires him to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final

_____

[1] The codefendant did not participate in the county court proceedings or in this appeal.

adverse judgment in the trial court or by other available means."[2]  The petitioner cannot make this showing, as he has a remedy in the ordinary appellate process.  The denial of the petitioner's motion was an ordinary pretrial ruling, reviewable (and, if warranted, remediable) on direct appeal from any conviction.  See, e.g., Commonwealth v. Bonnett, 472 Mass. 827, 846-851 (2015), S.C., 482 Mass. 838 (2019) (reviewing denial of motion for disclosure of informant's identity and remanding for further proceedings on that issue).  It is well established that G. L. c. 211, § 3, is not a substitute for the ordinary appellate process.  E.g., Pinney v. Commonwealth, 487 Mass. 1029, 1030 (2021).  The petitioner argues that in his case, the ordinary appellate process is inadequate due to his young age (nineteen), the lengthy duration of the process, and the likelihood that he would be imprisoned pending appeal during a developmentally crucial time.  "The fact that . . . [the ordinary appellate] process might be time-consuming and the outcome uncertain does not render the remedy inadequate." Gonsalves v. Commonwealth, 480 Mass. 1025, 1026 (2018), quoting Calzado v. Commonwealth, 479 Mass. 1033, 1034 (2018). Similarly, the ordinary process is not inadequate merely because the petitioner might be imprisoned during that time, as this is a prospect faced by any young person accused of a serious offense.[3]  Cf. Brea v. Commonwealth, 473 Mass. 1012, 1013 (2015), quoting Rosencranz v. Commonwealth, 472 Mass. 1011, 1012 (2015) ("collateral consequences attendant to the pendency of criminal proceedings . . . do not necessarily render the regular appellate process inadequate").  Accordingly, the petitioner is not entitled to extraordinary relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Eva G. Jellison for the petitioner.

---

[2] The petitioner was obligated to file, and properly did file, such a memorandum even though the single justice denied relief on the merits without addressing the threshold question whether the petitioner lacked an adequate alternative remedy. We express no view as to whether the motion for disclosure of the informant's identity was properly denied.

[3] Moreover, nothing prevents the petitioner, if he is convicted, from seeking a stay of execution of sentence pending appeal.