SUPREME JUDICIAL COURT 
 
 RYAN WELTER vs. MEDICAL PROFESSIONAL MUTUAL INSURANCE COMPANY[1] & others.[2]

 
 Docket:
 SJC-13604
 
 
 Dates:
 February 19, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Practice, Civil, Action in nature of certiorari. Supreme Judicial Court, Superintendence of inferior courts
 
 

             Ryan Welter, M.D., Ph.D. (petitioner), appeals from a judgment of the county court denying his petition for relief in the nature of certiorari pursuant to G. L. c. 249, § 4, or, in the alternative, for relief under G. L. c. 211, § 3.  We affirm the judgment.
            In 2021, the petitioner commenced a civil action in the Superior Court against his malpractice insurer and three of its employees (defendants).  In an amended complaint filed in 2022, the petitioner added claims arising under Federal law.  The defendants removed the action to the United States District Court for the District of Massachusetts.  A judge in that court dismissed the Federal claims and remanded the State claims to the Superior Court.  The petitioner appealed to the United States Court of Appeals for the First Circuit.[3]  While that appeal was pending, the State claims proceeded in the Superior Court, over the petitioner's objection, on the asserted ground that the State court lacked jurisdiction until the Federal case was resolved.  Notwithstanding that objection, a Superior Court judge dismissed all of the claims against three of the defendants and most of the claims against the fourth defendant.  The petitioner unsuccessfully sought relief pursuant to G. L. c. 231, § 118, particularly contending that the Superior Court lacked jurisdiction to dismiss his complaint.  In his petition to the county court, the petitioner sought vacatur of all rulings of the Superior Court after the case was remanded.[4]  The single justice denied relief without a hearing.
            The case is before us pursuant to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001), which requires the petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[5]  The petitioner has not made the required showing under the rule, as he plainly has an adequate alternative remedy.  Claims that a trial court lacked jurisdiction are routinely addressed in the ordinary course of appeal from final judgments.  See, e.g., Gouin v. Commonwealth, 439 Mass. 1013, 1013 (2003), and cases cited.  In addition, the petitioner had, and pursued, the opportunity to seek interlocutory relief pursuant to G. L. c. 231, § 118.  See, e.g., Saade v. Efron, 493 Mass. 1028, 1029 (2024), quoting Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice").  Where these ordinary remedies are available, the petitioner is not entitled to extraordinary relief.
            We have considered the petitioner's arguments to the contrary and find them unavailing.  It matters not that he primarily sought relief in the nature of certiorari pursuant to G. L. c. 249, § 4, with relief under G. L. c. 211, § 3, only as an alternative.  Under either statute, the petitioner "bears the burden to allege and demonstrate the absence or inadequacy of other remedies."  Kifor v. Commonwealth, 490 Mass. 1003, 1004 (2022), quoting Kim v. Rosenthal, 473 Mass. 1029, 1030 (2016).  We are likewise unpersuaded by the petitioner's reliance on recent United States Supreme Court cases.  See Axon Enter., Inc. v. Federal Trade Comm'n, 598 U.S. 175 (2023); Seila Law LLC v. Consumer Fin. Protection Bur., 591 U.S. 197 (2020).  Those cases concern constitutional challenges in Federal court to the authority of Federal administrative agencies.  See Axon Enter., Inc., supra at 180; Seila Law LLC, supra at 209.  They cast no doubt on the adequacy of the ordinary appellate process to address a claim that a State trial court lacked jurisdiction in a civil case.  Indeed, in Axon Enter., Inc., the Court took pains to emphasize the limits of its ruling, noting that the usual process of trial and appeal in civil cases remains intact.  Axon Enter., Inc., supra at 191-192.
            In sum, the single justice did not commit an error of law or otherwise abuse his discretion by denying relief.
Judgment affirmed.
            The case was submitted on the papers filed, accompanied by a memorandum of law.
            Ryan Welter, pro se.
 
 
footnotes

 
            [1] Doing business as Coverys.
            [2] Brenda Richardson, Gregg Hanson, and Joseph Dickerson.
            [3] The First Circuit eventually affirmed the judgment of the Federal District Court.
            [4] While the petition was pending in the county court, final judgment entered in the Superior Court in favor of all defendants.
            [5] The petitioner did not file a memorandum pursuant to rule 2:21, but he did file a brief and appendix.  In an order issued on December 20, 2024, we determined that rule 2:21 is applicable here.  We therefore ordered the petitioner to file a memorandum in compliance with the rule and stated that if he did not do so, we would treat his brief as a rule 2:21 memorandum.  In response, the petitioner did not file a rule 2:21 memorandum; rather, he filed a motion to vacate the December 20 order.  That motion is denied.