SUPREME JUDICIAL COURT 
 
 CHARLIE G. WILLIAMS, III vs. REGISTER OF PROBATE FOR PLYMOUTH COUNTY & others[1]

 
 Docket:
 SJC-13695
 
 
 Dates:
 February 21, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Register of Probate. Probate Court, Standing. Supreme Judicial Court, Superintendence of inferior courts.
 
 

       Charlie G. Williams, III (petitioner)
appeals from a judgment of the county court denying, without a hearing, his
petition for relief under G. L. c. 211, § 3.  We affirm the judgment.
      This case arises from proceedings in the
Probate and Family Court concerning the estate of the petitioner's father,
Charles G. Williams, Jr. (decedent).  A
petition for probate of the decedent's will was filed by MaryAnn Ellis
(proponent), who was the decedent's longtime companion.[2]  The petitioner filed a notice of appearance
and objections to the will.  However, the
register of probate or personnel working at his direction noted on the docket
that these documents had been accepted in error and should be disregarded
because the petitioner is not an heir. 
The petitioner thereafter filed a motion to compel entry of these
documents, as well as certain subpoenas, on the docket.  After a hearing at which the petitioner
appeared, a judge in the Probate and Family Court (motion judge) denied the
motion, ruling that the petitioner lacked standing because he has no cognizable
interest in the decedent's estate.  The
petitioner filed a notice of appeal.[3] 
The Probate and Family Court acknowledged receipt of the notice of
appeal and advised the petitioner that, as the appeal is interlocutory, the
record would not be assembled at that time and that his rights were preserved
until final judgment.  
      In his petition for relief under
G. L. c. 211, § 3, the petitioner requested that the single
justice vacate the "judgment" of the Probate and Family Court,
apparently meaning the motion judge's ruling that he lacked standing.  He also requested that the case be
transferred to the Superior Court in a different county.  He specifically challenged the determination
that he lacked standing, both on the ground that the register of probate and
his staff lacked the authority to make such a determination and on the ground
that the motion judge's ruling was in error for several reasons.[4]  The single justice denied relief without a
hearing on the ground that the petitioner had an adequate alternative remedy,
namely, a petition for relief pursuant to G. L. c. 231, § 118.[5]
 
      The petitioner has filed a memorandum
pursuant to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001), which
requires him to "set forth the reasons why review of the trial court
decision cannot adequately be obtained on appeal from any final adverse
judgment in the trial court or by other available means."  The petitioner has not made this
showing.  As the single justice
determined, the petitioner has an adequate remedy available to him by filing a
petition under G. L. c. 231, § 118, to seek relief from the
interlocutory rulings of the Probate and Family Court.  See, e.g., Saade v. Efron, 493 Mass. 1028,
1029 (2024), quoting Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020
(1996) ("Review under G. L. c. 211, § 3, does not lie where
review under c. 231, § 118, would suffice").  The petitioner's naked claim that this remedy
is inadequate to address an alleged systemic problem in the Probate and Family
Court is unsupported.  In addition to a
petition under G. L. c. 231, § 118, the petitioner has a remedy
in the ordinary process of an appeal from a final judgment.  As noted above, the petitioner has noticed
his appeal from the denial of his motion to compel, and the Probate and Family
Court has acknowledged that his rights are preserved.  We trust that the record will be assembled
and that the appeal will proceed in due course, subject to the ordinary rules
governing appeals, after a final judgment is issued.  "The fact that . . . [the ordinary
appellate] process might be time-consuming and the outcome uncertain does not
render the remedy inadequate." 
Gonsalves v. Commonwealth, 480 Mass. 1025, 1026 (2018), quoting Calzado
v. Commonwealth, 479 Mass. 1033, 1034 (2018). 
Where these ordinary remedies are available to the petitioner, the single
justice did not commit an error of law or otherwise abuse his discretion by
denying extraordinary relief under G. L. c. 211, § 3.
Judgment
affirmed.
      The case was submitted on the papers
filed, accompanied by a memorandum of law.
      Charlie G. Williams, III, pro se.
 
footnotes
 
[1] Plymouth
Division of the Probate and Family Court Department, estate of Charles G.
Williams, Jr., MaryAnn Ellis, and Joan Williams.
 
[2] In addition,
a second petition regarding the decedent's estate was filed in the Probate and
Family Court by the petitioner's mother, who was still married to the decedent
at the time of his death.  The mother
also filed an affidavit of objections to the will.
 
[3] The notice of
appeal was filed in the Appeals Court instead of the Probate and Family
Court.  As required by Mass. R. A. P. 4
(a) (1), as appearing in 481 Mass. 1606 (2019), the Appeals Court transmitted
the notice to the Probate and Family Court, where it was docketed.  
 
[4] The
petitioner also raised a number of issues concerning the decedent's estate, for
example, the disposition of a certain asset and the proponent's fitness to
serve as personal representative. 
Underlying all these issues, however, is the petitioner's claim that he
has standing to raise them.  Moreover,
these issues can and should be addressed in the ordinary course of trial and
appeal.
 
[5] The single
justice also properly ruled that the register of probate and the Probate and
Family Court are nominal parties in this matter.  See S.J.C. Rule 2:22 ("Unless otherwise
ordered by the single justice, the lower court shall . . . be treated as a
nominal party which may, but need not, appear and be heard").