DENNIS BATEMAN *vs*. COMMONWEALTH. June 21, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Dismissal.

Dennis Bateman appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. We affirm.

Bateman was indicted on charges of murder and armed robbery. He was also indicted for larceny under $250 and being a common and notorious thief. The two sets of indictments are the subjects of separate proceedings in the Superior Court. In motions to dismiss the indictments, Bateman argued that the evidence before the grand jury did not establish probable cause to indict and that the integrity of the grand jury was impaired by the omission of exculpatory evidence and the introduction of unfairly prejudicial evidence. Bateman was also charged in the District Court with certain motor vehicle violations, which charges he also moved to dismiss. All motions were denied. Bateman's G. L. c. 211, § 3, petition challenged those interlocutory rulings. The single justice denied relief without a hearing.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires Bateman to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." He has not done so. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Jackson* v. *Commonwealth,*

437 Mass. 1008, 1009 (2002), and cases cited. If Bateman is convicted on any of the indictments, the evidence before the grand jury may be reviewed in the ordinary course of appeal. See, e.g., *Commonwealth* v. *McCarthy*, 385 Mass. 160 (1982) (reversing conviction and ordering dismissal where evidence before grand jury insufficient to support indictment). Similarly, his challenge to the motor vehicle charges may be raised in an appeal from any conviction of those charges.[1] The single justice neither abused his discretion nor committed any other error of law.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Dennis Bateman*, pro se.

---

[1] In his G. L. c. 211, § 3, petition, Bateman sought the dismissal of all the indictments against him and of the motor vehicle charges. It is unclear whether he continues on appeal to seek the dismissal of all charges, or only of the larceny indictment. Our disposition would be the same in either case. In addition, Bateman requested other relief from the single justice, which was also denied. He has not pressed these additional requests for relief in his rule 2:21 memorandum, and we do not consider them.