FAGBEMI MIRANDA *vs.* COMMONWEALTH. July 27, 2010. *Supreme Judicial Court,* Appeal from order of single justice.

The petitioner, Fagbemi Miranda, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Miranda was indicted on charges of murder and unlawful possession of a firearm. He moved to dismiss the indictments pursuant to Mass. R. Crim. P. 13, as appearing in 442 Mass. 1516 (2004), on the basis that the Commonwealth intentionally and recklessly presented false and misleading evidence to, and also withheld exculpatory evidence from, the grand jury. After a hearing, a judge in the Superior Court denied the motion. Miranda thereafter filed his G. L. c. 211, § 3, petition in the county court.[1]

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Miranda has not made, and cannot make, such a showing. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion

---

[1]Miranda was also indicted on a charge of assault and battery by means of a dangerous weapon. His motion to dismiss refers only to the indictments charging murder and unlawful possession of a firearm, and he refers only to those two charges in his papers filed with this court. His G. L. c. 211, § 3, petition, however, appears to refer to all three indictments.

to dismiss." *Bateman* v. *Commonwealth*, 449 Mass. 1024, 1024-1025 (2007), quoting *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002). See *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83-84 (1991). If Miranda is convicted of any of the charges against him, the evidence presented to (and allegedly withheld from) the grand jury can be reviewed adequately in the regular course of appeal. See *Bateman* v. *Commonwealth, supra* at 1025, citing *Commonwealth* v. *McCarthy*, 385 Mass. 160 (1982).

The single justice did not err or abuse his discretion in denying relief pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John D. Moses* for the petitioner.