SALOMON S.A. *vs.* GARY LaFOND. July 27, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Jurisdiction,* Personal.

The petitioner, Salomon S.A. (Salomon), appeals from a judgment of a single justice of this court denying its petition pursuant to G. L. c. 211, § 3. We affirm.

Salomon, a defendant in the underlying action in the Superior Court, moved to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (2), 365 Mass. 754 (1974), for lack of personal jurisdiction. After a hearing, a Superior Court judge denied the motion. Salomon then moved for reconsideration, which the judge denied.

Following the Superior Court's ruling, Salomon petitioned a single justice of the Appeals Court for relief, pursuant to G. L. c. 231, § 118, first par. The single justice denied the petition. Salomon then filed its G. L. c. 211, § 3, petition in the county court, which the single justice of this court denied.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Nothing in the petition under G. L. c. 211, § 3, required relief. As Salomon correctly acknowledges, it could appeal from any final adverse judgment in the underlying action and pursue its claim of lack of personal jurisdiction in that context. That route is not per se inadequate to vindicate a claim of lack of personal jurisdiction. See, e.g., *Intech, Inc.* v. *Triple "C" Marine Salvage, Inc.,* 444 Mass. 122 (2005).

The single justice did not err or abuse her discretion in denying extraordinary relief from this interlocutory order.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Christopher P. Flanagan & Kara Thorvaldsen* for the petitioner.