ROY LIMBAUGH *vs.* COMMONWEALTH. July 1, 2013. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Dismissal.

The petitioner, Roy Limbaugh, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Limbaugh filed his petition in the county court after a judge in the Superior Court denied his motion to dismiss an indictment charging him with several crimes including assault with intent to murder, assault and battery on a police officer, and resisting arrest. After the single justice denied the petition, Limbaugh's trial commenced, on April 29, 2013. On May 9, 2013, the jury returned a guilty verdict on all charges.

---

It is incumbent on Limbaugh, as the appellant, to demonstrate that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001). He has not made such a showing. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Bateman* v. *Commonwealth*, 449 Mass. 1024, 1024-1025 (2007), quoting *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002). See *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83-84 (1991), and cases cited. There is no reason Limbaugh cannot obtain the relief he seeks, if warranted, in his direct appeal.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Roy Limbaugh*, pro se.