A JUVENILE *vs.* COMMONWEALTH. December 23, 2013. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Juvenile Court,* Delinquent child. *Practice, Criminal,* Juvenile delinquency proceeding, Transfer hearing. *Delinquent Child.*

A juvenile against whom a delinquency complaint has issued in the Juvenile Court, charging him with certain offenses, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm.

The alleged offenses occurred when the juvenile was sixteen years old. The Commonwealth has moved for a transfer hearing pursuant to G. L. c. 119, § 72A, which applies to juvenile offenders who are apprehended after their eighteenth birthdays. Under the statute, a Juvenile Court judge, after making a probable cause determination, has discretion either to order that the juvenile be discharged or to "dismiss the delinquency complaint and cause a criminal

---

complaint to be issued."[1] The juvenile moved to dismiss the charges on the ground that there had been prejudicial delay in apprehending him. The motion was denied. The juvenile's G. L. c. 211, § 3, petition sought relief from that denial.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires an appellant in these circumstances to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[2] The juvenile has not carried his burden under the rule. It is well established that "[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Limbaugh* v. *Commonwealth*, 465 Mass. 1018, 1019 (2013), quoting *Bateman* v. *Commonwealth*, 449 Mass. 1024, 1024-1025 (2007). We see no reason why the same should not be true of the denial of a motion to dismiss in a juvenile delinquency case. The juvenile argues that the issuance of an adult criminal complaint would have a variety of effects that cannot be remedied in the appellate process, such as unwanted media attention, loss of privacy, and harm to his educational prospects. Any defendant charged with a crime, however, faces these or similar extralegal consequences. They do not entitle the juvenile to immediate interlocutory review. If the matter is transferred to the regular criminal session, his remedy lies in an appeal from any conviction.[3] The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jamie Mauritz James* for the juvenile.

---

[1]This decision has not yet been made, as the proceedings in the Juvenile Court have been stayed by order of this court.

[2]The juvenile has filed a memorandum and record appendix, apparently pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). His record appendix, however, fails to include the majority of "the papers filed in the single justice session" as the rule requires. S.J.C. Rule 2:21 (2). In particular, it does not include the single justice's memorandum of decision, as the rule expressly requires, nor does it include the juvenile's G. L. c. 211, § 3, petition or the Commonwealth's response thereto. We remind litigants that, where an appeal is taken from a judgment of a single justice of this court, it is the appellant's task to provide a complete record of proceedings in the single justice session and to show not only that an error was made in the trial court, but also that the single justice improperly denied extraordinary relief therefrom.

[3]Furthermore, as the single justice noted, it has not been determined whether the matter will be transferred. The Juvenile Court judge might, in his discretion, order that the juvenile be discharged pursuant to G. L. c. 119, § 72A. This possibility presents all the more reason not to grant extraordinary relief.