NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11635

ERNEST WATKINS  vs.  COMMONWEALTH.


July 17, 2014.


Supreme Judicial Court, Superintendence of inferior courts.


Ernest Watkins appeals from a judgment of a single justice of this court denying, without a hearing, a petition for relief under G. L. c. 211, § 3, from the denial of his motion to dismiss an indictment charging him with murder in the first degree.  We affirm.

Watkins was fourteen years old at the time of the incident that gave rise to the indictment.  He moved to dismiss the indictment and remand the matter to the Juvenile Court on the ground that subjecting him to adult criminal proceedings in the Superior Court pursuant to G. L. c. 119, § 74,[1] rather than youthful offender proceedings in the Juvenile Court, would violate his rights to equal protection and due process.  A judge in the Superior Court denied the motion.  His G. L. c. 211, § 3, petition followed.

---

[1] The statute provides in relevant part:  "The juvenile court shall not have jurisdiction over a person who had at the time of the offense attained the age of fourteen but not yet attained the age of [eighteen] who is charged with committing murder in the first or second degree.  Complaints and indictments brought against persons for such offenses, and for other criminal offenses properly joined under [Mass. R. Crim. P. 9 (a) (1), 378 Mass. 859 (1978)], shall be brought in accordance with the usual course and manner of criminal proceedings."

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires an appellant in these circumstances to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Watkins has not carried his burden under the rule.  It is well established that "[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule.  Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss."  Limbaugh v. Commonwealth, 465 Mass. 1018, 1019 (2013), quoting Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025 (2007).  We have recognized a narrow exception in cases where the motion to dismiss raises a double jeopardy claim of substantial merit.  See Neverson v. Commonwealth, 406 Mass. 174, 175-176 (1989).  Watkins's argument that his claim is similar to a double jeopardy claim is unavailing.  He is not claiming that he has a right not to be tried at all, but a right to be tried in a different forum.  If he is convicted in the Superior Court, we see no reason why his challenge to G. L. c. 119, § 74, could not be addressed on direct appeal.  Cf. Fitzpatrick v. Commonwealth, 453 Mass. 1014, 1015 (2009) (decision to transfer proceedings from Juvenile Court to Superior Court pursuant to G. L. c. 119, § 72A, can be reviewed on direct appeal).  The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Janice Bassil for the petitioner.