NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11889

KERR CARRINGTON  vs.  COMMONWEALTH.

December 11, 2015.

Supreme Judicial Court, Superintendence of inferior courts.

Kerr Carrington appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3.  Carrington was convicted in 2010 of several criminal offenses.  His convictions were affirmed by the Appeals Court, and we denied further appellate review.  Commonwealth v. Carrington, 84 Mass. App. Ct. 1101, S.C., 466 Mass. 1103 (2013).  In his G. L. c. 211, § 3, petition, Carrington challenged various asserted errors in the criminal proceedings.  The single justice denied relief without a hearing.  We affirm.

Carrington has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner seeking relief from an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  That rule does not apply here, as the charges against Carrington have gone to final judgment.  Nonetheless, it is clear that Carrington had, and exercised, an adequate opportunity to obtain review in the ordinary appellate process.  Moreover, he remains free to file a motion for a new trial pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), and to appeal from any adverse ruling thereon.  "The court's extraordinary power of general superintendence under c. 211, § 3, is 'exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal

process has run its course.'"  Doyle v. Commonwealth, 472 Mass. 1002, 1003 (2015), quoting Norris v. Commonwealth, 447 Mass. 1007, 1008 (2006).

<u>Judgment affirmed</u>.


The case was submitted on briefs.
James P. McKenna for the petitioner.