NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12306


SAM C. WASSILIE  vs.  COMMONWEALTH.


August 18, 2017.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Criminal, Dismissal.


     The petitioner, Sam C. Wassilie, appeals from a judgment of
a single justice of this court denying his petition pursuant to
G. L. c. 211, § 3.  We affirm.

     Wassilie was indicted on twenty-two counts of videotaping,
with his cellular telephone, individuals who were nude or
partially nude, in violation of G. L. c. 272, § 105 (b).  The
charges stem from two recordings, made continuously and on the
same day at a public restroom, showing twelve adults and five
juveniles in various states of nudity.  Wassilie filed a motion
to dismiss, and at a hearing on the motion, a judge in the
Superior Court ordered that any duplicative charges be
dismissed.  The Commonwealth subsequently filed a nolle prosequi
as to five of the twenty-two counts.  Wassilie's motion to
dismiss was otherwise denied, as was his motion to suppress
evidence.  He then filed a G. L. c. 211, § 3, petition in the
county court, arguing that the statute does not allow for
separate prosecutions as to each individual videotaped, that the
charges are therefore duplicative, and that he should not have
to be subject to a trial on multiple indictments that expose him
to multiple punishments.  A single justice denied the petition
without a hearing.[1]

_____

     [1] Wassilie also filed an application for leave to prosecute
an interlocutory appeal from the denial of his motion to
suppress, which the single justice also denied.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Wassilie has not made such a showing. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025 (2007), quoting Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002). See Ventresco v. Commonwealth, 409 Mass. 82, 83-84 (1991), and cases cited. It is true that "[w]e have recognized a narrow exception in cases where the motion to dismiss raises a double jeopardy claim of substantial merit." Watkins v. Commonwealth, 469 Mass. 1006, 1006 (2014), citing Neverson v. Commonwealth, 406 Mass. 174, 175-176 (1989). That exception, however, does not apply here. "The double jeopardy principle protects against three specific evils -- a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense" (quotations omitted). Commonwealth v. Brown, 470 Mass. 595, 603 (2015), quoting Marshall v. Commonwealth, 463 Mass. 529, 534 (2012). None of these situations apply here, where Wassilie has not yet been convicted. Should he be convicted of multiple counts, there is no reason why any potential duplicative conviction issue cannot adequately be addressed in a direct appeal.

The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Edmund R. St. John, III, for the petitioner.