In this summary process action, the defendants appeal from a decision and order of the Appellate Division of the District Court Department that affirmed the order denying their motion to amend their answer (and the resulting judgment), and dismissed their appeal. We affirm.
Background. We take most of our facts from the decision of the Appellate Division, supplemented by the record. The defendants owned a house at 10 Monohansett Road, Nantucket (the property). In 2004, Sovereign Bank (Sovereign) loaned Mary[5] $650,000, secured by a mortgage on the property. Mary defaulted on the loan and Sovereign instituted foreclosure proceedings. Merrill Lynch Credit Corp. (Merrill Lynch) acquired title at a foreclosure auction conducted by Sovereign on June 16, 2010. Bank of America, N.A. (Bank of America) subsequently succeeded to the interests of Merrill Lynch.
When the defendants refused to vacate the property, Bank of America instituted summary process proceedings on September 4, 2012, to evict them and to take possession of the property. That same day the defendants answered and counterclaimed; they did not demand a jury trial. Bank of America answered the counterclaims on September 21, 2012.
Then, in light of a pending related suit in the Land Court, in which the defendants contested the validity of Bank of America's title to the property, a judge of the District Court stayed the summary process action pending the outcome of the Land Court action. A judge of the Land Court subsequently found for Bank of America, and a different panel of this court affirmed the Land Court judgment. Costello v. Sovereign Bank, FSB, 83 Mass. App. Ct. 1116 (2013). On May 28, 2013, the stay of the summary process action was lifted and a trial date was set for July 10, 2013.
On June 12, 2013, nine months after the filing of their answer and only weeks away from the trial date, the defendants moved to amend their answer to include numerous "underlying facts," three affirmative defenses, four counterclaims, and (unlike the answer) a request for a jury trial. Bank of America opposed the motion, and a second District Court judge denied it. The case proceeded to trial jury waived, and the second judge found for Bank of America, granting it possession only.
Discussion. We review the second judge's order denying the defendants' motion to amend under Mass.R.Civ.P. 15, 365 Mass. 761 (1974), for abuse of discretion. Doherty v. Admiral's Flagship Condominium Trust, 80 Mass. App. Ct. 104, 112 (2011). "[A] motion to amend should be allowed unless some good reason appears for denying it." Spillane v. Adams, 76 Mass. App. Ct. 378, 390 (2010), quoting from Afarian v. Massachusetts Elec. Co., 449 Mass. 257, 269 (2007). For reasons essentially identical to those stated in pages four through six of the Appellate Division decision, we conclude that there existed good reasons to deny the defendants' motion to amend.
Here, the defendants moved to amend only a few weeks before the trial date. They sought to interject multiple new issues that would have resulted in further delays to an already much delayed summary process action. Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 292 (1977) ("a judge may give weight to the public interest in the efficient operation of the trial list and to the interests of other parties who are ready for trial"). Furthermore, the defendants had had an opportunity to litigate essentially the same claims in Federal Court. See Bishay vs. Bank of America, N.A., U.S. Ct. App., No. 14-1496 (1st Cir. Nov. 9, 2015); Bishay vs. Bank of America, N.A., U.S. Dist. Ct., No. 13-11424, (D. Mass. Jan. 27, 2014). Accordingly, the second judge's denial of the motion did not deprive the defendants of any substantial rights.[6] See G. L. c. 231, § 119.
The defendants were also not injured by the denial, as several of their proposed counterclaims challenged Bank of America's right to back rent, but the second judge did not award Bank of America any monetary damages. And finally, we are not persuaded by the defendants' claim to entitlement to a jury trial because the defendants waived that right when they failed to demand a jury by the due date of their answer. See Rule 8(1) of the Uniform Summary Process Rules (1980); Mass.R.Civ.P. 38(d), 365 Mass. 800 (1974). Accordingly, we discern no error.
Decision and order of Appellate Division affirmed.

We use the defendants' first names where necessary to prevent confusion.

We also see no merit to the defendants' claim that Mass.R.Civ.P. 13, as amended, 423 Mass. 1405 (1996), entitled them to amend their answer because their proposed counterclaims were either subject to another action or matured after the answer.