NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12459


ROBIN CALZADO vs. COMMONWEALTH.


May 24, 2018.


Supreme Judicial Court, Superintendence of inferior
    courts.  Extradition and Rendition.


     Robin Calzado appeals from a judgment of the county court
denying, without a hearing, his petition for relief under G. L.
c. 211, § 3, on the ground that he has an adequate remedy in the
normal appellate process.  In December, 2004, Calzado was
indicted for a murder that occurred in Fitchburg earlier that
year, and a warrant issued for his arrest.  In 2006, Calzado was
located serving a sentence in the Dominican Republic.  At the
expiration of that sentence, Calzado was extradited to the
United States, pursuant to an extradition treaty, to be tried on
the murder indictment.  After his arraignment on that charge,
Calzado was indicted on a further charge of witness tampering,
based on his alleged conduct during his imprisonment in the
Dominican Republic.  Calzado moved to dismiss the witness
tampering indictment on the ground that the rule of specialty,
see United States v. Rauscher, 119 U.S. 407 (1886), prohibited
his being tried for any offense other than the murder indictment
for which he was extradited.  A judge in the Superior Court
denied the motion on the ground that Calzado lacked standing to
object to an illegal or defective extradition.  See Commonwealth
v. Diaz, 431 Mass. 822, 827 (2000) ("only the foreign government
has standing to assert a flaw in the extradition proceedings").
Calzado's G. L. c. 211, § 3, petition ensued.

     The case is before us on Calzado's memorandum and appendix
pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001),
which requires a party challenging an interlocutory ruling of
the trial court to "set forth the reasons why review of the

trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Calzado has not satisfied his burden under the rule.  "We have said repeatedly that '[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule.  Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss.'"  Cepeda v. Commonwealth, 478 Mass. 1018, 1019 (2018), quoting Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025 (2007).  We have recognized a very limited exception "where a motion to dismiss raises a double jeopardy claim of substantial merit."  Wassilie v. Commonwealth, 477 Mass. 1033, 1034 (2017), quoting Watkins v. Commonwealth, 469 Mass. 1006, 1006 (2014).  That exception does not apply here.  Calzado argues that the Superior Court lacks jurisdiction to try him for any offense other than the one for which he was extradited or for any offense that he allegedly committed while in the Dominican Republic.  Questions of jurisdiction are routinely addressed on direct appeal after a final judgment.  See Salomon S.A. v. LaFond, 463 Mass. 1003, 1003 (2012) (ordinary appellate process "is not per se inadequate to vindicate a claim of lack of personal jurisdiction"; extraordinary relief properly denied).  Calzado has not shown that this is an inadequate remedy or that he is asserting a "right not to be tried" akin to a double jeopardy claim.  See, e.g., Forlizzi v. Commonwealth, 471 Mass 1011, 1013 (2015).

Calzado also argues that if the witness tampering indictment is not dismissed, the evidence supporting that indictment would be used against him as to the murder charge.[1] Again, if there is any impropriety in the admission of evidence, an adequate remedy is available in the ordinary course of appeal.  The fact that, as Calzado argues, this process might be time-consuming and the outcome uncertain does not render the

---

[1] While we do not decide the issue, we note that it is hardly clear that dismissing the witness tampering indictment would prevent this use of witness tampering evidence, as any such evidence may well be admissible in a trial on the murder indictment alone.

remedy inadequate.  The single justice did not err or abuse her discretion by denying extraordinary relief.[2]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

John A. Bosk for the petitioner.

---

[2] In addition, we note that Calzado's petition did not contain any argument that the motion judge committed any "error that cannot be remedied under the ordinary review process," an essential part of the showing under G. L. c. 211, § 3.  See, e.g., C.E. v. J.E., 472 Mass. 1016, 1016 (2015), quoting McGuinness v. Commonwealth, 420 Mass. 495, 497 (1995).  This presents a further reason not to disturb the single justice's decision.