NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12453


HANEEFAH YAHYA  vs.  ROCKTOP PARTNERS I, LP.


May 25, 2018.


Supreme Judicial Court, Superintendence of inferior courts.
    Summary Process, Appeal.  Practice, Civil, Summary process,
    Default, Execution, Stay of proceedings.


Haneefah Yahya appeals from a judgment of the county court
denying, without a hearing, her petition for relief under G. L.
c. 211, § 3.  In her petition, Yahya sought a stay of execution
of a default judgment issued against her in a summary process
action in the Boston Municipal Court (BMC) commenced by Rocktop
Partners I, LP (Rocktop).  On June 27, 2016, a single justice of
this court granted a stay of execution pending the BMC's
resolution of certain outstanding motions that were scheduled
for hearing the following day.  At the hearing on June 28, 2016,
a judge in the BMC denied Yahya's motion to waive the appeal
bond, denied her motion for relief from judgment, and granted an
extension of time in which to file a notice of appeal.  The BMC
docket indicates that Yahya appealed to the Appellate Division
of the BMC as to the denial of the motion to waive the appeal
bond and that, on or about January 12, 2017, the Appellate
Division issued a decision, apparently affirming the denial.[1]  On

_____

[1] Yahya states that she has since posted the bond.  The
record is ambiguous on this point: it contains several copies of
the BMC docket, some of which indicate that the bond was posted,
and others of which do not.  Yahya states that she received a
receipt for the appeal bond, but a copy of the receipt itself is
not included in the record before us.  On the other hand,
nothing in the record suggests that any order has entered
dismissing Yahya's summary process appeal.  See G. L. c. 239,
§ 5 (h) ("If the defendant fails to file with the clerk of the

October 30, 2017, Rocktop filed a motion to reissue the execution for possession. That motion was allowed on November 7, 2017, and stayed until November 14, 2017. Yahya then filed, in the county court, a supplement to her petition, challenging the allowance of Rocktop's motion and urging that the default judgment and execution be vacated. A different single justice stayed the execution pending a decision on Yahya's petition. After Rocktop filed a response, the same single justice denied Yahya's petition without a hearing and vacated the stay.[2] We affirm the denial of relief.

Yahya has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." That rule does not apply, as Yahya is not challenging an interlocutory ruling of the trial court. Nonetheless, it is clear that the judgment of the BMC is subject to review in the ordinary appellate process. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." Bishay v. Land Ct. Dep't of the Trial Ct., 477 Mass. 1032, 1033 (2017), quoting Fennick v. Kittredge, 460 Mass. 1012, 1012 (2011).

---

court rendering the judgment, the amount of bond . . . required by the decision of the reviewing court within [five] days from receipt of notice of the decision, the appeal from the judgment shall be dismissed"). Cf. Wallace v. PNC Bank, 478 Mass. 1020, 1021 (2018), quoting Matter of an Appeal Bond (No. 1), 428 Mass. 1013, 1013 (1998) (proper course to challenge Appellate Division decision affirming denial of waiver of appeal bond is "to refuse to pay the bond, suffer the dismissal of [the] summary process appeal, and then appeal to the Appeals Court . . . from the order of dismissal"). If Yahya has posted the bond, and if her appeal is otherwise in procedural order, which we are unable to determine on this record, we trust that the BMC will promptly assemble the record and that the summary process appeal will proceed in the usual course.

[2] Yahya also filed a motion to stay the execution in this court. Because of our disposition today, we need not act on the motion.

<u>Judgment affirmed</u>.


The case was submitted on briefs.
<u>Robert C. Johnson, Jr</u>., for the petitioner.
<u>Patrick J. McDonald</u> for the respondent.