The defendant Jack Saade appeals from a judgment enforcing a settlement agreement between the defendants (Saade and the codefendants) and the plaintiff. On appeal, he argues that it was error for such a judgment to enter where an alleged breach of confidentiality relieved him from compliance. We affirm.
The plaintiff filed suit after Saade engaged in self-help eviction to oust the plaintiff from the property that the plaintiff had been renting from the codefendants.[4] After three days of mediation, all parties signed an agreement in principle that laid out specific payments to be exchanged between the parties and general mutual releases; it also required plaintiff's counsel to draft a settlement agreement containing the terms of the agreement in principle. After receiving a draft of the settlement agreement, Saade agreed to its terms with one requested change, which the parties accepted and plaintiff's counsel incorporated into the settlement agreement. When presented with that settlement agreement, however, Saade refused to sign.
Saade alleged that after the agreement in principle was signed, codefendant Chung S. Lee disclosed information from the mediation to Saade's lender, in spite of the understanding that everything discussed in mediation is to remain confidential. Based on this alleged behavior of Lee, Saade contended that he was not bound by the agreement in principle. The plaintiff responded by filing a motion to enforce the settlement agreement, which was allowed over Saade's objection.[5]
"A settlement agreement is a contract and its enforceability is determined by applying general contract law." Sparrow v. Demonico, 461 Mass. 322, 327 (2012). See Duff v. McKay, 89 Mass. App. Ct. 538, 541-542 (2016) ("In entering judgment enforcing the parties' apparent settlement agreement, the judge in effect resolved a contract claim"). "It is axiomatic that to create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement." Lambert v. Fleet Natl. Bank, 449 Mass. 119, 123 (2007) (quotation omitted). To have an agreement on the material terms, "it is not necessary that every term of the agreement be specified with precision, [merely that] '[t]he parties ... have progressed beyond the stage of "imperfect negotiation." ' " Ibid. (quotation omitted).
Here, the settlement agreement is the end result of a mediation. The settlement agreement lays out exactly who has to pay, who will be paid, and how much is to be paid, along with provisions regarding mutual releases, confidentiality, and antidisparagement. All material terms are present and Saade does not argue otherwise.
To determine Saade's present intention to be bound,[6] we need to look no further than Saade's own actions. Saade signed the agreement in principle, which contained all the essential terms that were later reflected in the settlement agreement. After being presented with a draft of the settlement agreement, Saade orally agreed to its terms and requested one addition, which was agreed to by the parties and incorporated into the settlement agreement. That settlement agreement is therefore, as the judge found, an enforceable contract.
The only reason Saade provided for refusing to sign the settlement agreement was his conclusory allegation regarding Lee's contact with his lender. Saade had the opportunity to substantiate this claim by placing evidence before the judge when opposing the motion to enforce the settlement agreement, yet he failed to do so. The judge therefore did not err or abuse her discretion in allowing the motion to enforce the settlement agreement.[7] See Fidelity & Guar. Ins. Co. v. Star Equip. Corp., 541 F.3d 1, 5 (1st Cir. 2008).[8]
Judgment affirmed.

As a result of a separate, unrelated action, the codefendants had conveyed the property to Saade; although the plaintiff's lease was with the codefendants, Saade owned the property.

The codefendants did not oppose the motion.

There is no dispute that the plaintiff and the codefendants intended to be bound by the settlement agreement.

As to Saade's remaining arguments, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

The plaintiff's request for appellate attorney's fees and double costs is denied.