The case was submitted on the papers filed, accompanied by a memorandum of law.
RESCRIPT
**1007 Michael Starks appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. Starks has been indicted on charges of murder and other offenses. He moved to dismiss the indictments on the grounds that the evidence presented to the grand jury did not establish probable cause to indict and that the integrity of the grand jury proceedings was impaired. A judge in the Superior Court denied the motion, and Starks's G. L. c. 211, § 3, petition ensued. We affirm.
The case is before us on Starks's memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Starks has not satisfied his burden under the rule. "We have said repeatedly that '[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss.' " Cepeda v. Commonwealth, 478 Mass. 1018, 1019, 88 N.E.3d 840 (2018), quoting Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025, 868 N.E.2d 606 (2007). We have recognized a very limited exception "where [a] motion to dismiss raises a double jeopardy claim of substantial merit." Wassilie v. Commonwealth, 477 Mass. 1033, 1034, 80 N.E.3d 333 (2017), quoting Watkins v. Commonwealth, 469 Mass. 1006, 1006, 12 N.E.3d 1009 (2014). That exception is not applicable here. If Starks is convicted of one or more offenses, his claims of due process violations in the grand jury proceedings can be raised in the ordinary course of appeal. Bateman, 449 Mass. at 1025, 868 N.E.2d 606 (defendant not entitled to review under G. L. c. 211, § 3, of evidence before grand jury or integrity of grand jury proceedings). Indeed, such issues are routinely addressed on appeal from criminal convictions. See, e.g., Commonwealth v. Rakes, 478 Mass. 22, 29-32, 82 N.E.3d 403 (2017) (reviewing claims of insufficient evidence before grand jury and impairment of grand jury proceedings). Starks has not shown that this is an inadequate remedy or that his claims "warrant the same extraordinary treatment afforded to double jeopardy claimants." Jackson v. Commonwealth, 437 Mass. 1008, 1009, 770 N.E.2d 469 (2002).