The case was submitted on the papers filed, accompanied by a memorandum of law.
**1024 Jack Saade appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3, in which he sought the dissolution of a memorandum of lis pendens. Saade was a defendant in an action in the Superior Court concerning certain real property in Somerville. On the motion of the plaintiff in that case, a judge endorsed the memorandum of lis pendens at issue here. The parties reached an agreement in principle to settle the case. After a dispute arose regarding that agreement, a judge in the Superior Court issued a judgment enforcing it. Saade appealed from that judgment, challenging not only the enforcement of the settlement agreement, but also the endorsement of the memorandum of lis pendens. A panel of the Appeals Court affirmed the judgment in an unpublished decision. Price v. Saade, 93 Mass. App. Ct. 1114, 104 N.E.3d 683 (2018). Saade filed his G. L. c. 211, § 3, petition while the appeal was pending.
Saade has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[2] S.J.C. Rule 2:21 (2). The rule does not apply here, as the case in the Superior Court has gone to final judgment. See Carrington v. Commonwealth, 473 Mass. 1015, 1015, 41 N.E.3d 746 (2015). Nevertheless, it is clear that Saade had, and to some extent pursued, an avenue for relief in the ordinary appellate process. He appealed to the Appeals Court from the judgment of the Superior Court, raising his claims concerning the memorandum of lis pendens, and he may yet seek further appellate review in this court.[3] The fact that, thus far, Saade has not received the relief he seeks does not render the ordinary appellate process an inadequate means of obtaining review of the Superior Court's decision. "The court's extraordinary power of general superintendence under c. 211, § 3, is 'exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course.' " Carrington, supra, quoting Doyle v. Commonwealth, 472 Mass. 1002, 1003, 32 N.E.3d 1256 (2015). See Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001, 826 N.E.2d 199 (2005). The single justice did not err or abuse his discretion in denying extraordinary relief.
*471 Judgment affirmed.
The rule also provides that "[t]he appeal shall be presented ... on the papers filed in the single justice session" and that the petitioner must file a record appendix containing the relevant material. S.J.C. Rule 2:21 (2). The appendix filed by Saade is incomplete, as it omits several papers filed in the single justice session, including an opposition filed by the plaintiff in the underlying Superior Court case. This presents a further reason not to disturb the single justice's decision.
We allowed Saade's motions for an enlargement of time to file an application for further appellate review. We express no view at this time on the merits of Saade's case.