NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12522

MARY COSTELLO[1] & another[2] vs.  MERRILL
LYNCH CREDIT CORPORATION.[3,4]


October 17, 2018.


Supreme Judicial Court, Superintendence of inferior courts.


Mary Costello and Bahig Bishay (Bishays) appeal from a
judgment of the county court denying their petition for relief
under G. L. c. 211, § 3.  The Bishays were the defendants in a
summary process action commenced in the District Court by
Merrill Lynch Credit Corporation, whose successor in interest is
Bank of America, N.A. (bank).  The Bishays filed an answer and
counterclaim and, several months later,[5] filed a motion to amend
their answer to assert new defenses and counterclaims and, for
the first time, to request a jury trial.  That motion was
denied.  After a bench trial, a judge in the District Court
found for the bank and awarded it possession but no damages.
The Appellate Division of the District Court affirmed the
judgment, including the order denying the motion to amend, as
did a panel of the Appeals Court, and we denied further

_____

[1] Also known as Mary Bishay.

[2] Bahig Bishay.

[3] Now known as Bank of America, N.A.

[4] The petitioners also named the Appeals Court as a
respondent.  The court is a nominal party only.  See S.J.C. Rule
2:22, 422 Mass. 1302 (1996).

[5] The case in the District Court was stayed pending the
resolution of a case in the Land Court concerning title to the
same property.

appellate review.  <u>Merrill Lynch Credit Corp</u>. v. <u>Costello</u>, 92 Mass. App. Ct. 1113 (2017), <u>S.C</u>., 479 Mass. 1107 (2018).  While the Bishays' application for further appellate review was pending, they filed their G. L. c. 211, § 3, petition, seeking relief from the denial of their motion to amend.  A single justice of this court denied relief on the ground that the Bishays had, and were pursuing, an avenue of relief in the ordinary appellate process.

The Bishays have filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  That rule does not apply here, as the case in the District Court has gone to final judgment.  See <u>Carrington</u> v. <u>Commonwealth</u>, 473 Mass. 1015, 1015 (2015).  Nevertheless, it is clear that the Bishays' claims could be and were raised in the ordinary appellate process.  Contrary to the Bishays' suggestion, the fact that further appellate review is granted only in our discretion does not render the appellate process inadequate.  "The court's extraordinary power of general superintendence under c. 211, § 3, is 'exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course.'"  <u>Id</u>., quoting <u>Doyle</u> v. <u>Commonwealth</u>, 472 Mass. 1002, 1003 (2015).  See <u>Votta</u> v. <u>Police Dep't of Billerica</u>, 444 Mass. 1001, 1001 (2005).  The single justice correctly denied extraordinary relief.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Mary Costello</u>, pro se.
<u>Bahig Bishay</u>, pro se.