NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12554

BAHIG BISHAY & another[1]  vs.  MERRILL LYNCH CREDIT CORPORATION.[2,3]


October 17, 2018.


Supreme Judicial Court, Superintendence of inferior courts.


Bahig Bishay and Mary Costello (Bishays) appeal from a
judgment of the county court denying their petition for relief
under G. L. c. 211, § 3.  As detailed more fully in Costello v.
Appeals Court, 480 Mass.    (2018), the Bishays were the
defendants in a summary process action in the District Court
commenced by Merrill Lynch Credit Corporation, whose successor
in interest is Bank of America, N.A. (bank).  After a trial, the
bank was awarded possession of the subject property.  The
judgment was affirmed, and we denied further appellate review.
Merrill Lynch Credit Corp. v. Costello, 92 Mass. App. Ct. 1113
(2017), S.C., 479 Mass. 1107 (2018).  Shortly thereafter, an
execution issued on the judgment for possession.  The Bishays
moved to vacate the execution.  The motion was denied.  The
following day, the Bishays filed a motion in the Appellate
Division of the District Court to stay or strike the execution,
arguing that the motion to vacate was wrongly denied where the
Bishays had filed a petition under G. L. c. 211, § 3, for relief
from the judgment for possession (prior petition), and their
appeal from the denial of that petition was still pending.  The
Appellate Division denied that motion.  The Bishays then filed

_____

[1] Mary Costello, also known as Mary Bishay.

[2] Now known as Bank of America, N.A.

[3] The petitioners also named the Appeals Court as a
respondent.  The court is a nominal party only.  See S.J.C. Rule
2:22, 422 Mass. 1302 (1996).

the instant G. L. c. 211, § 3, petition, along with an emergency motion to stay.  A single justice of this court denied both the petition and the motion without a hearing.

The Bishays have filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  Passing the question whether the rule applies here, it is clear that the Bishays had, and to some extent pursued, an avenue for relief in the ordinary appellate process.  The Bishays offer no reason in their memorandum why they could not appeal to the Appellate Division, and if necessary to the Appeals Court, from the denial of their motion to vacate the execution; they only argue the merits of that motion.  Moreover, to the extent they argue that the execution could not properly issue while their appeal from the denial of their prior petition was pending,[4] that issue is now moot, as we have today affirmed that denial.  Costello, supra.  The Bishays have demonstrated no error of law or abuse of discretion in the denial of extraordinary relief.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Mary Costello, pro se.
Bahig Bishay, pro se.

---

[4] Although we need not address the merits of this contention, we note that, contrary to the Bishays' suggestion, a G. L. c. 211, § 3, petition challenging a decision of the trial court is not a "direct appeal" from that decision.  A petition under G. L. c. 211, § 3, invokes the court's extraordinary power of general superintendence.  "'An action seeking relief under G. L. c. 211, § 3, is regarded as a new and separate civil action in the county court,' even if the petition challenges a ruling of the trial court."  Singer v. Rosenkranz, 453 Mass. 1012, 1013 n.4 (2009), quoting McMenimen v. Passatempo, 452 Mass. 178, 191 (2008).  Moreover, a G. L. c. 211, § 3, petition is not to be used in lieu of the ordinary appellate process and does not "provide an additional layer of appellate review after the normal process has run its course."  E.g., Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005).