RESCRIPT
The plaintiff, Akkima Dannielle Briscoe, appeals from a judgment of a single justice of this court dismissing, without a hearing, her complaint seeking relief in the nature of mandamus and other extraordinary relief. We affirm.
This matter concerns a criminal case in the Superior Court against Michael Lamonte Degree, who is the father of the plaintiff's children. The plaintiff's papers both in this court and in the county court are difficult to follow, but as best we can discern she is seeking orders compelling various public officials to "void" or "reverse" Degree's criminal convictions, to release him from confinement, and to return or impound the documents, property, and evidence connected to his prosecution. The single justice dismissed the complaint, concluding that the plaintiff lacks standing to seek this type of relief associated with the criminal case against Degree. There was no error in denying relief. The claims asserted by the plaintiff belong to Degree, not to the plaintiff or the children. See Hagen v. Commonwealth, 437 Mass. 374, 380, 772 N.E.2d 32 (2002), quoting Tarabolski v. Williams, 419 Mass. 1001, 1002, 642 N.E.2d 574 (1994) ("private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). See also Indeck Maine Energy, LLC v. Commissioner of Energy Resources, 454 Mass. 511, 516, 911 N.E.2d 149 (2009) (mandamus statute, G. L. c. 249, § 5, does not provide independent basis for standing). The financial and emotional impact that Degree's convictions have on the plaintiff and her children does not give her standing to seek this type of relief in her behalf, theirs, or his.
The case was submitted on the papers filed, accompanied by a memorandum of law.