The case was submitted on the papers filed, accompanied by a memorandum of law.
**1038 The plaintiff, Akkima Dannielle Briscoe, filed several petitions in the county court seeking relief from a summary process judgment and other orders entered against her in the Housing Court.[1] The single justice denied relief. We affirm.
*34 The petitions Briscoe filed in the county court center on her claim that the Housing Court did not have subject matter jurisdiction in the summary process matter because the subject rental property was held in trust for her. In denying Briscoe relief, the single justice observed, among other things, that she failed to demonstrate the absence of an adequate alternative remedy. It is on that basis that we affirm the single justice's judgment.
The case is now before us on Briscoe's memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). The rule does not apply here, because a final judgment has entered in the summary process case in the Housing Court. See Carrington v. Commonwealth, 473 Mass. 1015, 1015, 41 N.E.3d 746 (2015). Regardless, Briscoe's filings make it abundantly clear that she had avenues available to her to pursue relief from the Housing Court orders and judgment other than by means of the petitions that she filed in this court. To the extent she alleged that the underlying orders and judgment contain mistakes or were based on a lack of jurisdiction, she could have filed a motion pursuant to Rule 11(b) of the Uniform Summary Process Rules (1980) and Mass. R. Civ. P. 60, 365 Mass. 828 (1974), and, if necessary, appealed from any adverse ruling on such a motion. See Brown v. Federal Nat'l Mtge. Ass'n, 481 Mass. ----, 116 N.E.3d 30, 2019 WL 516676 (2019), and cases cited; Chavoor v. Lewis, 383 Mass. 801, 805 n.3, 422 N.E.2d 1353 (1981). She also could have obtained review of the orders and judgment through the ordinary process of a direct appeal. See Yahya v. Rocktop Partners I, LP, 479 Mass. 1035, 1036, 97 N.E.3d 689 (2018) ; Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1021, 88 N.E.3d 877 (2018) ; Salomon S.A. v. LaFond, 463 Mass. 1003, 1003, 971 N.E.2d 1277 (2012) (jurisdictional claims may be reviewed on appeal). See also Rule 12 of the Uniform Summary Process Rules (2004).[2]
**1039 This is the fourth groundless appeal taken by Briscoe from a single justice's judgment denying a petition for extraordinary relief that we have decided within a month. See also Briscoe v. Middlesex Div. of the Juvenile Court Dep't, 481 Mass. 1027, 114 N.E.3d 941 (2019) ;
*35 Briscoe v. LSREF3/AH Chicago Tenant, LLC, 481 Mass. 1026, 114 N.E.3d 942 (2019) ; Briscoe v. District Attorney for the N. Dist., 481 Mass. 1026, 114 N.E.3d 944 (2019). She is now on notice that if she files any further requests for extraordinary relief that fail to satisfy the basic requirements for justifying such relief -- i.e., showing the absence of adequate alternative remedies, furnishing record support to substantiate her claims, and presenting proper legal argument -- the court will consider imposing an appropriate sanction against her, including a possible restriction on future filings.
The single justice's judgment expressly referred only to the "urgent petition for special writ of certiorari" filed by Briscoe, although it implicitly denied the other pleadings that she had filed as well, namely, her petition for a writ of prohibition and a petition seeking reformation of various orders, the underlying Housing Court judgment, and the execution, on the basis of mistake.
Additionally, we observe that the common-law writs of certiorari, prohibition, error, and review, as well as various other writs, were abolished in the Commonwealth by the adoption of the rules of civil procedure. See Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974); Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (last sentence). See also Chavoor v. Lewis, 383 Mass. 801, 804-805 nn.2, 3, 422 N.E.2d 1353 (1981). Although "[t]his court retains authority to grant relief to correct and prevent errors and abuses in the lower courts 'if no other remedy is expressly provided,' " ibr.US_Case_Law.Schema.Case_Body:v1">id., quoting G. L. c. 211, § 3, the single justice in this case correctly concluded that the petitioner failed to demonstrate the absence of any other adequate remedy. See Myrick v. Superior Court Dep't, 479 Mass. 1012, 1012, 94 N.E.3d 838 (2018) (neither mandamus nor certiorari substitute for ordinary appellate process); Commercial Credit Corp. v. Flowers, 282 Mass. 316, 321, 185 N.E. 30 (1933) (writ of error not substitute for appeal); Kilty v. Railroad Comm'rs, 184 Mass. 310, 311, 68 N.E. 236 (1903) (writ of prohibition not substitute for appeal).