SUPREME JUDICIAL COURT 
 
 ANTHONY WILLIAMS vs. COMMONWEALTH

 
 Docket:
 SJC-13619
 
 
 Dates:
 October 9, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts. Practice, Criminal, Dismissal.
 
 

  
      The defendant, Anthony Williams, filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking relief from the denial of a motion to dismiss.[1]  A single justice of this court denied the petition, and Williams appealed.  We affirm.
      Background.  In February 2023, a grand jury issued an indictment charging the defendant with violating G. L. c. 268, § 21A, which prohibits a correctional officer or "other person who is employed by or contracts with any penal or correctional institution" from engaging in sexual relations with an inmate.  The Commonwealth presented evidence to the grand jury that the defendant, an assistant director of an inmate prerelease program, had allegedly offered to conceal an inmate's failure to pass a drug test in exchange for oral sex.
      The defendant filed a motion to dismiss the indictment, arguing that the allegations do not fall within the purview of G. L. c. 268, § 21A, because the evidence before the grand jury did not establish that he was a person who was "employed by or contracts with" a penal or correctional institution.  In support of this argument, the defendant asserted that he was employed by a nonprofit entity operating the inmate prerelease program "in conjunction with" the Suffolk County sheriff's department (department), and thus he was not personally employed by, nor did he contract with, the department.  A Superior Court judge denied the motion, concluding that the defendant's employer was essentially a "third-party contractor or vendor" for the department and that the defendant was therefore "a contractor to [the department] through his employer."
      Two months after the denial of the motion, the defendant filed a motion for reconsideration.  He argued, inter alia, that the statute was ambiguous as to whether it applied to the defendant, and that he was therefore entitled to the benefit of this ambiguity under the rule of lenity.  The motion for reconsideration was similarly denied.[2]  Thereafter, the defendant filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking review of the denial of his motions.  A single justice denied the petition without a hearing on the basis that the defendant had an alternative appellate remedy.  The defendant appealed, and pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we subsequently allowed the appeal to proceed in the regular course.[3]
      Discussion.  "It is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or clear error of law" (citation omitted).  Matter of an Impounded Case, 491 Mass. 109, 114 (2022).  The single justice properly denies relief under G. L. c. 211, § 3, where the petitioner has an adequate alternative remedy.  See Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019).  Thus, a defendant has "no right to interlocutory review of the denial of a motion to dismiss" from the single justice because the defendant may, if convicted, pursue a direct appeal after the conclusion of trial.  Flood v. Commonwealth, 465 Mass. 1015, 1016 (2013).  See Fontanez, supra.
      We have, however, recognized a "very limited exception" to this general rule where a motion to dismiss raises a double jeopardy claim of substantial merit.  Starks v. Commonwealth, 480 Mass. 1007, 1007 (2018).  Because such double jeopardy claims implicate a defendant's right not to be tried, a rule precluding the defendant from appealing until after the conclusion of trial would not afford adequate relief.  See Costarelli v. Commonwealth, 374 Mass. 677, 680 (1978) (double jeopardy "guaranty against being twice exposed to the risk of conviction, regardless of whether conviction actually results, would be seriously weakened if appellate review of a claim of double jeopardy were delayed until after a second trial").  Here, the defendant argues that he has raised an issue akin to a double jeopardy claim, such that he should be afforded interlocutory review, because he will otherwise "be tried for a crime the Legislature has not enacted," in violation of his due process rights.
      To be sure, this court previously recognized that "[t]here is undeniable weight to the argument that, where it is clear by reason of established facts and established law that the defendant cannot be convicted, the Commonwealth and the defendant should not be put to the trouble and expense of a trial."  Morrissette v. Commonwealth, 380 Mass. 197, 198 (1980), quoting Commonwealth v. Hare, 361 Mass. 263, 269 (1972).  However, even "assuming that such a concern may in some circumstances rise to the level of a substantive right, . . . it does not do so in a case . . . where it is not 'clear by reason of established [law]' that the defendant cannot be convicted."  Morrissette, supra at 198-199 (defendant not entitled to interlocutory review of claim challenging sufficiency of evidence before grand jury where parties "have not agreed in affidavits or stipulations as to the evidence to be presented at trial," and it was therefore not "clear by reason of established facts" that defendant could not be convicted).  See Ventresco v. Commonwealth, 409 Mass. 82, 84-85 (1991).  Although the defendant argues that an individual who is employed by a third-party contractor for a correctional institution falls outside the scope of G. L. c. 268, § 21A, an argument to the contrary is not foreclosed by "established law."  Indeed, in his brief before this court, the defendant characterizes the issue whether he falls within the scope of G. L. c. 268, § 21A, as presenting "a question of law" that should be "settled" by an appellate court.  And as the defendant himself concedes, he will have an opportunity to present this argument to an appellate court on direct appeal, in the event that he is tried and convicted.  Accordingly, the single justice did not commit an error of law or otherwise abuse his discretion in denying relief under G. L. c. 211, § 3.
                                          
 
Judgment affirmed.
footnotes

      The case was submitted on briefs.
      Benjamin H. Keehn, Committee for Public Counsel Services, Randy Gioia, & Patrick M. Gioia for the petitioner.
      Erin Knight, Assistant District Attorney, for the Commonwealth.
           [1] Although Anthony Williams commenced this action by filing a petition in the county court, for convenience, we refer to him as the defendant.
          [2] The defendant also filed a second motion to dismiss, in which he argued that, insofar as the allegations fall within the scope of the statute, the statute is unconstitutional as applied to the allegations at issue because the statute did not provide "fair notice" that the defendant's alleged conduct was unlawful.  That motion was denied as well, but the arguments raised therein are not pressed in this appeal.
               [3] The defendant's motion for an enlargement of time for filing his reply brief is hereby allowed.